In re LINDNER.

(Circuit Court, S. D. New York. April 25, 1894.)

No. 1,255.

CUSTOMS DUTIES—TOOLS OF TRADE — SEVERAL MACHINES OF THE SAME KIND.
    A glove manufacturer imported four machines used in the manufacture of gloves, which he himself, his father, and his two brothers had worked in Germany, intending to transplant his business to the United States, and to manufacture gloves in the same way. *Held*, that all the machines were entitled to entry free of duty as "tools of trade," under Act Oct. 1, 1890, par. 686.

This was an application by Emil Linder, importer of certain machines, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such machines.

Stephen G. Clarke, for importer.

O. H. Wefing, Asst. U. S. Atty., for collector.

COXE, District Judge (orally). The importation which is the subject of this suit consisted of four machines used in the manufacture of gloves, which were assessed for duty by the collector at 45 per centum ad valorem under paragraph 215 of the tariff act of October 1, 1890. The importer claims that they were free of duty as "tools of trade" under paragraph 686 of the same act. Without doubt the importer might have brought one of these machines to this country free of duty. The question is whether bringing four machines changes the situation; whether one man can bring in four machines as tools of his trade when he can work but one. There is no evidence that he intended to work these machines other than by manual power, and I assume that one man cannot work four. If there were only one machine I would not have a particle of doubt, but the fact that there are four machines raises a question of importance. The evidence shows that these machines were to be used by the importer, his father, and two brothers, in the same way they had used them in Germany. I can hardly think that congress intended to exact duty from a man who comes to this country under such circumstances, bringing with him certain implements with which he made a living in his European home. It is very much like the case of a tailor who has a small shop, in which his wife, daughter and son help him work the sewing machines. He comes here intending to transplant his business.

He does not intend to start a manufacturing establishment here as we understand that term. He intends to work just as he did at home and make articles of clothing by the help of his own family. It may be that the importer by some admissions in his affidavit has made it difficult to determine this question in his favor, but I think it is the duty of the court to brush aside these technicalities, try to look at the question from a common-sense point of view and get at the spirit of the law. I cannot believe that it was the intention of the law to exact duty in a case like this and under the circumstances the doubt, if there be one, should be resolved in favor of the importer. The decision of the board of general appraisers is, therefore, reversed.