## UNITED STATES v. MAGNON.

(Circuit Court of Appeals, Second Circuit. December 17, 1895.)

### No. 2,064.

CUSTOMS DUTIES—INSTRUMENTS OF TRADE.

Snakes brought into the country by a snake charmer purely for use in exhibitions, and not for sale, are not dutiable as "live animals not specially provided for," but are free of duty, under Act Oct. 1, 1890, par. 686, as instruments of her trade.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On the application of Jeanne Magnon the circuit court reversed a decision of the board of general appraisers which sustained the

collector of the port of New York in his classification of 28 live snakes belonging to her as dutiable articles (66 Fed. 151), and the United States appeals.

Henry C. Platt, for appellant.

Evart Brown, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The appellee is a so-called "snake charmer," who earns her livelihood by exhibitions wherein she handles the snakes and twines them around her body. They are her property, and are used only in these exhibitions. She came to this country in the steamship Bohemia, on March 30, 1894, to exhibit with Hagenbeck's show, bringing her snakes with her. The collector classified the snakes under paragraph 251 of the tariff act of October 1, 1890, which imposes a duty of 20 per cent. ad valorem on "all other live animals not specially provided for." There is no special provision in the act for snakes, eo nomine, or under any generic title except as live animals. The appellee paid the duty, and duly protested, claiming that they were free of duty under paragraph 686, which reads:

"Par. 686. Professional books, implements, instruments and tools of trade, occupation and employment, in the actual possession at the time of persons arriving in the United States; but this exemption shall not be construed to include machinery or other articles imported for use in any manufacturing establishment, or for any other person or persons, or for sale."

In their decision the board of general appraisers say:

"The appellant failed to appear, or to offer any evidence in support of her claim. In the absence of such proof, the protest is overruled."

Upon the hearing in the circuit court the importer supplied this deficiency in proof, showing that her snakes were employed solely by herself in the exhibition of her so-called "snake-charming performances," which was her occupation and means of livelihood. They were brought over by her solely for her own use. The judge who heard the case in the circuit court cites from Webster's Dictionary the fourth definition of "instrument," viz.: "One who, or that which, is made a means or caused to serve a purpose;" and adds:

"These snakes are clearly instruments within this definition. They are instruments with which she practices her profession, and are her professional instruments. As such, she seems to have been entitled to have them come with her duty free."

In this decision we concur. It is no doubt true that we usually associate the word "instrument" with inanimate objects, but that is no reason why the word, when used in a tariff act, should not be given its comprehensive meaning when there is nothing to indicate an intention to restrict such meaning. It is no more surprising to find live animals referred to in such a statute as "instruments" than it is to find them referred to as "articles." This very tariff act of 1890 begins with the statement in its first section that on and after October 6, 1890, unless otherwise specially provided for

in said act, "there shall be levied, collected and paid upon all articles imported from foreign countries and mentioned in the schedules herein contained, the rates of duty" respectively prescribed; and the schedules contained in this first section include horses, cattle, hogs, sheep, and live poultry.

The evident intention of congress in this paragraph 686 is well expressed in the appellee's brief as being "to admit, free of duty, all those personal means of livelihood which are customarily associated in thought and fact with the individual, and which are used by him in following his accustomed occupation." Hand organs are dutiable under one or other of the duty schedules, but the individual hand organ which is the instrument by the use of which an immigrant pursues his occupation and earns his livelihood, and which is in his actual possession when he arrives here, is manifestly free from duty, as were the glove machines in the case of In re Lindner, 66 Fed. 723, which was affirmed without opinion in this court. If he also brings with him a trained monkey as part of the outfit, using it, as he does the hand organ, solely in his occupation, there seems no good reason why the animal, which is, equally with the organ, a means to serve the purpose of carrying on his individual occupation, should not be also free of duty. The decision of the circuit court is affirmed.