## MAJOR LEE v. THE STATE.

### No. 1755. Decided May 22, 1912.

### Rehearing Denied June 28, 1912.

**1.—Disfiguring—Indictment—Means Used—Ejusdem Generis.**

Where defendant was charged with unlawfully making an assault upon his wife for the purpose of disfiguring her by means of carbolic acid, the contention that, applying the rule of ejusdem generis to the expression in the statute, "or other instrument," carries with it the idea that it is such other instrument, and that the same must be of the same character or kind as the knife, is untenable. Following Ex parte Muckenfuss, 52 Texas Crim. Rep., 467.

**2.—Same—Indictment—Witnesses—Grand Jury.**

There was no error in not quashing the indictment because it was found by the grand jury without witnesses or testimony before them, upon which to predicate such finding. Following Kingsbury v. State, 37 Texas Crim. Rep., 259, and other cases.

**3.—Same—Plea of Former Conviction—Practice.**

A plea of former conviction comes too late after the trial has been had, and must be made before the trial of the case on its merits.

**4.—Same—Verdict—Certainty—Aggravated Assault.**

Where, upon trial of an assault to disfigure, the verdict found defendant guilty and assessed his punishment at two years imprisonment in the penitentiary, the contention, that inasmuch as the court submitted aggravated assault the verdict should have specified of which offense the conviction was had, is untenable, as the punishment for aggravated assault can not be imprisonment in the penitentiary.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully making an assault for the purpose of disfiguring, etc., the evidence sustained the conviction, there was no error.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of assault to disfigure, etc.; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Burnett & Storms*, for appellant.—On the question of the insufficiency of the indictment: People v. Cavanagh, 62 How. Prac., 187; Clark v. State, 140 S. W. Rep., 779; Rex v. Murrow, 1 Moody C. C., 456; Farmers, etc., Bank v. Hanks, 137 S. W. Rep., 1120; Ex parte Roquemore, 131 S. W. Rep., 1101; People v. Chretien, 137 Calif., 450; Shirk v. People, 121 Ill., 61; State v. Prather, 79 Kan., 513.

On plea of former jeopardy: Cook v. State, 43 Texas Crim. Rep., 182; Pizano v. State, 20 Texas Crim. App., 139; Woodford v. People, 62 N. Y., 117; State v. Egglesht, 41 Ia., 474.

On question of finding indictment without witnesses: Wisdom v. State, 61 S. W. Rep., 926; State v. Grady, 12 Mo. App., 361.

On question of verdict: Evans v. State, 122 S. W. Rep., 392; Moody v. State, 105 S. W. Rep., 1127; Winzel v. State, 83 S. W. Rep., 187; Johnson v. State, 30 Texas Crim. App., 419.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of insufficient proof before grand jury: Terry v. State, 15 Texas Crim. App., 66; Morrison v. State, 41 Texas, 516; Dockery v. State, 35 Texas Crim. Rep., 487, and cases cited in the opinion.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts. Appellant was convicted under the second count, which charged him with unlawfully making an assault upon Stella Lee for the purpose of disfiguring her, and that he did wilfully and maliciously attempt to disfigure the said Stella Lee, and did wilfully and maliciously attempt to place a mark upon the face of the said Stella Lee by means of carbolic acid, by then and there wilfully and maliciously casting and throwing carbolic acid into and upon the face of the said Stella Lee with the intent then and there on the part of the said Major Lee to wilfully and maliciously disfigure the said Stella Lee as aforesaid, against the peace and dignity of the State.

1. Appellant moved to quash the indictment for several reasons. Putting this proposition of appellant in its essence, the contention is that inasmuch as the statute uses the words "by means of a knife or other instrument upon the face or other part of the person" in the definition of disfiguring, that carbolic acid is not such an instrument as is meant by the statute. His contention is that by applying the rule of ejusdem generis that the expression "or other instrument" carries with it the idea that it is such other instrument and that such other instrument must be of the same character or kind as the knife. We can not agree with counsel. In looking at this statute we must take the legislative intent in enacting it. The purpose of this statute was to prevent the person assaulted from being disfigured, and did not confine the manner or means of disfiguring simply to a knife or means of that peculiar class or kind. The word "instrument" there, under the legislative intent, has a broader significance and a wider meaning, and evidently means and was intended to mean any means by which the face or other part of the person should be disfigured. The general definition of an instrument is "one who or that which is made a means or cause to serve a purpose." We understand this is the meaning to be given the word "instrument" in this statute. This definition has been upheld in various authorities, and we cite Magnon v. United States, 66 Fed., 151, and United States v. Magnon, 71 Fed., 293.

The case of Ex parte Muckenfuss, 52 Texas Crim. Rep., 467, recognizes very fully the doctrine here announced, and a careful review of that case and the cited authorities, in our judgment, justifies the conclusion that we reach in regard to the statute under which this indictment was framed. For authorities generally see 36 Cyc.

2. Appellant contends that the indictment should have been quashed because it was found by the grand jury without witnesses or testimony before them upon which to predicate such finding. This question has been settled adversely to appellant in quite a number of cases in Texas. Kingsbury v. State, 37 Texas Crim. Rep., 259; Terry v. State, 15 Texas Crim. App., 66; Dockery v. State, 35 Texas Crim. Rep., 487. There are quite a number of other cases laying down the same doctrine.

3. Appellant contends that the judgment should have been set aside and appellant permitted to file a plea of former conviction. This comes too late after the trial had been had. If, as a matter of fact, appellant had been convicted previously for throwing the carbolic acid upon two other women who were with his wife at the time he threw it into her face, those facts were known to him. It would hardly be presumed that he could have been punished by incarceration in jail, or in any other manner punished by the jury, without his knowing that fact. A plea of jeopardy must be made before the trial of the case on its merit. It goes to the jury along with the other matters to be decided by them upon a showing to the effect that the party filing the plea has been previously punished or acquitted, as the case may be. We do not believe the court was in error in not setting aside the judgment in order that the defendant might plead jeopardy.

4. It is contended that the court erred in not granting appellant's request to have the verdict as returned by the jury corrected, and that as returned it is not sufficient. The verdict found appellant guilty under the second count of the indictment specifically, and alloted him a term in the penitentiary of two years. The point of appellant's contention is that inasmuch as the court submitted aggravated assault and the jury did not specify in the verdict whether they convicted of the disfiguring or the aggravated assault, and refused appellant's request to have it corrected, therefore, the verdict is insufficient. Under the circumstances of this case we are of opinion this proposition is not well taken. It is sometimes the case where the verdict must specify of which offense the conviction is had, and always this is the rule where the conviction was for murder, because the statute imperatively so demands. It may also be necessary in some cases for the jury to specify of what degree the conviction is, but that is usually where the verdict found might apply to either one of the offenses or punishments charged by the court to the jury. This is illustrated in conviction for assault where the fine is $25, and the court has submitted to the jury aggravated and simple assault. It has been held it is necessary for the jury in such cases to specify what degree, because $25 is the lowest fine for

aggravated assault, and the highest punishment for simple assault, and the verdict is indefinite and uncertain in that it fails to specify of which degree the conviction is had. In this case there can be no trouble, because appellant could not have been convicted of aggravated assault with the punishment assessed against him. The punishment imposed by the jury in their verdict applies alone to the charge of disfiguring. It could not possibly apply to aggravated assault. Had the jury found the defendant guilty and assessed a pecuniary fine only, the trouble would have been serious, because they could convict of aggravated assault with a fine not less than $25 nor more than $1,000, or in an assault to disfigure the jury could also impose a pecuniary fine not to exceed a thousand dollars, or they could convict with a penitentiary punishment. In this case, as shown by the verdict, appellant was alloted two years in the penitentiary. As before stated, this could not under any circumstances be imputed to aggravated assault as a punishment; it could only apply to the charge of disfiguring. We are, therefore, of opinion that the verdict is sufficiently plain and definite and unambiguous to show clearly the purpose and intent of the jury, and is not violative of the statute.

5. It is contended the evidence is not sufficient. To this we can not agree. The State's case shows with sufficient cogency and accuracy that appellant and his wife were separated, and that he located her on this particular occasion, shortly before throwing the carbolic acid on her, met her on the street, and asked her if she was going to church. She evasively replied. Later she and a couple of her friends started together en route to the church. Appellant followed them and approached his wife threw carbolic acid upon her face and right arm. This brought about a disfiguration and kept her under the treatment of a doctor for quite a while. It is unnecessary to mention the extent of the wounds or disfiguration, and the details connected with it. These facts are not denied by appellant. In other words, the State has made out a prima facie case sufficient for the jury to find that the presumption of innocence and reasonable doubt have been met and overcome.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 28, 1912.—Reporter.]