## Horace Keith v. The State.

No. 6098.   Decided May 4, 1921.

Rehearing granted June 8, 1921.

**1.—Maiming—Final Sentence—Practice on Appeal.**

Where the record failed to show that final sentence was passed on appellant, this court is without jurisdiction, and the appeal must be dismissed. However, the appeal is re-instated after the error was corrected, and is now decided on its merits.

**2.—Same—Continuance—Motion for New Trial—Affidavit.**

Where the motion for new trial was supported by the affidavits of the absent witnesses denying that they would give the testimony set out in the motion for continuance, there was no error in overruling same.

**3.—Same—Tooth—Maiming—Charge of Court—Practice in Trial Court.**

A front tooth is a member of the body within the comprehension of the maiming statute, and it was therefore no error in the court's charge in instructing the jury that if they found from the evidence that defendant made an assault on the injured party, and wilfully and maliciously knocked out three of his front teeth, they should find him guilty.   Following High v. State, 26 Texas Crim. App., 545;  Distinguishing Slattery v. State, 41 Texas, 620, and other cases.

**4.—Same—Simple Assault—Charge of Court—Requested Charge.**

Where the issue was that the injured party was maimed by defendant, who knocked out three of his front teeth, there was no error in refusing the requested charge on simple assault.   Distinguishing Key v. State, 71 Texas Crim. Rep., 642.

**5.—Same—Premeditated Design—Intent—Charge of Court—Rule Stated.**

If the maiming was actually committed and was with evil intent and without justification, the same would be punishable, whether or not there was any specific intent or premeditated design to maim, and there was no error in the court's failure to charge on the question of intent and pre· meditated design.   Following Davis v. State, 22 Texas Crim. App., 50, and other cases.

**6.—Same—Self-Defense—Charge of Court—Uncontrollable Rage.**

Where, upon trial of maiming, there ·was no evidence with reference to uncontrollable rage, etc., which rendered defendant incapable of cool reflection, and there was no request for such charge and the court had fully submitted self-defense, there was no reversible error.

**7.—Same—Evidence—Threats—Proximity to Scene of Difficulty.**

Where, upon trial of maiming, the State's witness testified to a threat made by the defendant, an objection was made to said testimony that it was not reasonably apparent that the injured party was meant, but the record on appeal showed that the remarks by defendant were made shortly before the difficulty and in proximity to the place of the difficulty, there was no reversible error.   Distinguishing Briscoe v. State, 87 Texas Crim. Rep., 375.

8.—Same—Evidence—Motive—Acts of Injured Party.

Where, upon trial of maiming, it appeared from the evidence that the difficulty arose from some testimony which the injured party gave against the defendant with reference to a shipment of intoxicating liquor, there was no error in admitting the testimony of the injured party that he was called before the Federal Grand Jury as a witness against the defendant, and other testimony with reference to the motive of the defendant.

9.—Same—Evidence—Moral Turpitude—Felony—Misdemeanor.

Whether one has been indicted for a felony may be asked him when on the witness stand, and the fact that when objection thereto is overruled, he answers that he was indicted for a misdemeanor does not make the question erroneous, as defendant was not compelled to make such answer.

10.—Same—Evidence—Testimony Favorable to Defendant.

Where the testimony objected to would rather show that defendant was a peace maker and was favorable to him, there was no reversible error.

11.—Same—Rehearing—Explanation—Charge of Court.

There was no error in refusing to instruct the jury touching defendant's right to seek the injured party for an explanation. Such instruction is only required in cases in which the court in his charge qualifies the right of the accused to act in self-defense. Following Williford v. State, 38 Texas Crim. Rep., 393, and other cases.

12.—Same—Threats—Communicated Threats—Charge of Court.

Where upon trial of maiming, defendant testified that he was informed that the injured party threatened to cut his guts out, and that shortly thereafter he saw the latter and asked for an explanation, and that the difficulty then began after the injured party had made a demonstration, this in connection with other testimony with reference to said threats demanded a charge on communicated threats, and a refusal of same was reversible error. Following Sims v. State, 9 Texas Crim. App., 593.

13.—Same—Affidavits—Motion for New Trial—Practice on Appeal.

The issue raised from the testimony of defendant delivered upon the trial in the presence of the jury cannot be eliminated by an ex parte affidavit attached to the State's pleading controverting the allegations of fact contained in the motion for new trial. Besides, affidavits filed after the trial and after the order overruling the motion for new trial have no place in the record on appeal.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of maiming; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the offense of maiming, and his punish-

ment fixed at confinement in the penitentiary for a period of five years.

An inspection of the record discloses the fact that same shows no sentence to have been passed upon the appellant. In this condition of the record this court would appear to be without jurisdiction, and the appeal is therefore dismissed.

*Dismissed.*

ON REHEARING.

May 4, 1921.

LATTIMORE, Judge.—This case was dismissed at a former day of this term because the record showed no sentence, but a duly certified copy of the minutes of the court below has been filed showing such sentence, and the motion to re-instate is granted and the cause now decided on its merits.

Appellant asked for a continuance. He was indicted July 2nd, arrested July 3rd, and filed his application for a continuance on July 7th. The absent witnesses named were D. R. Sayler, Ray Robinson and S. K. Harp, the residence of each of whom was stated to be Kaufman county, Texas. The State controverted appellant's motion for a new trial insofar as same relied upon the error in overruling his application for continuance, and attached to the replication of the county attorney the affidavits of said witnesses Robinson and Harp in which each specifically denies that he would have given the testimony stated to be expected of him. The record contains an affidavit of witness Sayler in which he also denies that he would have given the testimony expected of him. We do not think the record in this condition discloses any abuse by the trial judge of the discretion confided in him in overruling appellant's motion for new trial, or in refusing such continuance.

In his charge to the jury the court told them that if they found from the evidence that appellant made an assault on the injured party, and wilfully and maliciously knocked out three of his front teeth, they should convict. Appellant excepted to this as an unwarranted assumption on the part of the trial court of the fact that a front tooth was a member of the body. Slattery v. State, 41 Texas, 620, and Bower v. State, 24 Texas Crim. App., 542, 7 S. W. Rep., 247, are cited. Part of the lip, in one of said cases, and part of the thumb in the other, was bitten off, and the question in each was whether or not such partial destruction of a member measured up to the requirements of our statute which makes it maiming to cut off, or deprive a person of, a member of his body. In High v. State, 26 Texas Crim. App., 545, this court disapproved the application of the Slattery decision to the loss of a front tooth, and expressly held it no error for the trial court to assume in the charge that a front tooth was a member of the body

within the comprehension of the maiming statute. We agree with the doctrine of the High case.

If we be correct in what we have just said, there was left no issue as to the fact that Mr. Choate, the injured party, was maimed by appellant who knocked out three of his front teeth, and hence the question of simple assault did not arise. The Key case, 71 Texas Crim. Rep., 642, 161 S. W. Rep., 122, referred to by appellant, presents a case wherein a small part of the rim of the ear was bitten off in a fight admittedly brought on by the injured party, who did not appear as a witness. The accused testified without contradication that in the fight the injured party was biting upon his neck, and that he bit back intending to bite the neck of his assailant, and did not know until they were separated that he had bitten his ear. The case thus lacking the apparent element of wilfulness and maliciousness and raising a very serious question as to whether there was any maiming, the dissenting opinion in this court held that simple assault should have been submitted. This might be sound in that character of case, but has no application here, where there is no question as to the loss of a member of the body, and none of justification in the assault, the only question left being whether such injury was inflicted wilfully and maliciously. There was no error in refusing the special charge on simple assault.

Appellant excepted to the court's failure to charge on the question of his intent and premeditated design. In the Davis case, 22 Texas Crim. App., 50, and the Key case, *supra*, we held that if the maiming was actually committed, and was with evil intent and without justification, same would be punishable whether or not there was any specific intent or premeditated design to maim. In the instant case the trial court defined a wilful act as one done with evil intent, and told the jury that malice denoted a wrongful act intentionally done without just cause or excuse. This we think sufficient upon the question of intent under the facts of this case. Bowers v. State, 24 Texas Crim. App., 549; Pool v. State, 59 Texas Crim. Rep., 482. In addition to what we have just said, attention is called to the fact that the court charged on aggravated assault, and carefully instructed the jury that if they had a reasonable doubt as to whether the act of appellant was done wilfully and maliciously they should acquit him of maiming. For these reasons there was no error in refusing appellant's special charge No. 4, which is as follows: "If you should find and believe from the evidence that the defendant, Horace Keith, called W. K. Choate off for the purpose of having a difficulty with him and that at the time the defendant had no intention or a premeditated design to maim the said W. K. Choate, by knocking his teeth out, and that a fight ensued between the defendant and W. K. Choate and during said altercation the teeth of W. K. Choate were knocked out, then you are charged that defendant would not be guilty of maiming under the law, and you will find him not guilty of this offense." We find nothing in the authorities cited: Lee v. State, 34 Texas Crim. Rep., 519; Halsell v. State, 29

Texas Crim. App., 22, 18 S. W. Rep., 418, which support the contention of appellant that this charge should have been given.

An exception was taken to the court's charge for its failure to submit the law applicable to an act of appellant resulting from uncontrollable rage, sudden resentment or terror which rendered him incapable of cool reflection. No special charge on this issue appears in the record. We are unable to find anything in the evidence reasonably tending to support such theory. The court fully submitted self-defense based on both real and apparent danger, telling the jury that if appellant believed that Choate was about to assault him he would have the right to act as he did in his own self-defense and strike Choate.

It seems from the statement of facts that appellant had gotten into trouble at some time prior to this difficulty by reason of his connection with some shipment of intoxicating liquor. He and others thought Choate was in some way to blame for their trouble. On the occasion in question he called Choate off to one side, and according to the State's testimony, most brutally assaulted him, knocking out three of his upper front teeth and loosening a number of others, and beating his head against the cement sidewalk until Choate was reduced to a condition of insensibility. Appellant was a large man weighing over two hundred pounds and Choate was a small man weighing about one hundred and thirty pounds. While Choate was prostrate on the ground and appellant astride of him and beating him in the face, he said between blows with an oath that Choate would not pimp on him any more. According to appellant's own testimony shortly before the occurrence, one Robinson came to him and repeated a very ugly threat made by Choate, and appellant said that when he called Choate off to one side he wanted to speak to him about this threat, but the record fails to disclose, among the other things which appellant admitted he did say to Choate on said occasion, any reference to what he claims Robinson had told him. Robinson, in his affidavit attached to the State's controversy of appellant's motion for a new trial, specifically denies having repeated to appellant any threat of Choate, or that Choate had ever said anything to him concerning appellant. This might not be sufficient to entirely justify an assumption of the truth of Robinson's statement, he not having been on the witness stand confronting appellant, but it may be looked to as strengthening the supposition as to the falsity of appellant's reason as stated by him, for calling Choate to one side, which supposition is based on the fact that in the ensuing conversation testified to by appellant he did not even claim to have mentioned such threat. Witness Choate, corroborated by a number of apparently disinterested parties, testified that appellant called him off, and as they walked away appellant put one arm partially around Choate's shoulders or neck and began to beat him in the face with his other hand, and after knocking him to the sidewalk, got astride of his body and beat his head up and down against the cement sidewalk.

It is complained that the trial court erred in allowing State witness Johnson to testify to a threat made by appellant, the objection being that same named no person, and that there was no evidence sufficient to make it reasonably apparent that Choate was meant. Johnson testified that about ten minutes before the difficulty he heard appellant and Henry Davis in conversation across the street from where this trouble took place. He only heard part of what was said. Davis said that he "would whip him," and appellant said no, that he would do it himself; and appellant said to Davis something about "keeping the dogs off;" also that when the two men left shortly they went in the direction of the place where the difficulty took place. Other evidence showed that Davis walked up with appellant and stood about ten feet away while appellant was beating Choate, and that he made no effort to interfere, and for some reason was not used by the defense as a witness. In the Briscoe case, 87 Texas Crim. Rep., 375, 222 S. W. Rep., 294, cited by appellant, as supporting his objection to this threat, we said that mere proximity of time would not seem to justify evidence of a threat un-less there was something in the case to make it reasonably certain that the injured party was meant or included therein. We think that the facts in the instant case differentiate it from the Briscoe case and bring it withing the rule announced.

We find no error in the testimony of Choate as same appears in bill of exceptions No. 4. Said witness testified that he was called be-fore the Federal grand jury as a witness against appellant and one Fuller; that he saw appellant in Dallas at the time of appellant's trial. Motive for the assault was a material issue, and this testimony, con-nected with the statements of appellant at the time of the occurrence, shed light on appellant's motive. If we understand bill of exceptions No. 7, what we have just said is also true of it. The question as asked and objected to therein is stated to be, "Were you called upon by the sheriff's department to assist them there?" Such a question would seem to call for either an affirmative or negative answer, the objec-tionable character of which should have been made to appear in the bill. For counsel to permit an answer apparently not responsive, and now urged to relate to matters foreign to any issue, to be given without objection that it was not called for; and without request for instruc-tions to the jury not to consider same,—would hardly seem to bring the matter here for review. We apprehend that the matter of said answer was admitted as shedding light on appellant's motive, and the bill in no event contains anything showing it not pertinent to that issue.

Whether one has been indicted for a felony, may be asked him when on the witness stand, and the fact that when objection thereto is over-ruled he answers that he was indicted for a misdemeanor, does not make the question erroneous. Appellant was not compelled to make such answer, but might have replied that he had not been so indicted.

That witness Dallas stated that he saw appellant separate Henry Davis and another man who were fighting some little time before the

difficulty herein between appellant and Choate, would not appear to be material, and in no event could same have injured the accused. Rather would proof that he was a peacemaker seem favorable to him.

We have carefully considered all the matters urged in the able brief for appellant, and finding no reversible error the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 8, 1921.

MORROW, PRESIDING JUDGE.—In the motion, appellant stresses a phase of the case which was not made clear on the original presentation.

There was no error in refusing to instruct the jury touching appellant's right to seek Choate for an explanation. Such an instruction is required only in cases in which the court in his charge, qualifies the right of the accused to act in self-defense. Williford v. State, 38 Texas Crim. Rep., 393; Smith v. State, 81 Texas Crim. Rep., 368. The charge was assailed for its failure to embrace therein an instruction defining appellant's right under the law pertaining to communicated threats.

Appellant testified that he was informed that Choate, the injured party, threatened to cut his "guts" out; that shortly thereafter he saw Choate and accosted him. He said: "I want to speak to you;" that they walked together and appellant asked him if they had not agreed to be friends; that Choate did not reply but pushed appellant back with his left hand and started to put his right hand in his pocket; that the appellant then grabbed his right hand and the fight ensued; that when he spoke to Choate he had no intention to bring on a fight; that he had previously had a conversation with Choate about making friends. According to appellant's statement, the reason he said: "Now, damn you, I guess you won't pimp on anybody again" was that he had just been told by Robinson of a threat made by Choate and that he hit him because of what he had been told and because Choate had refused to answer his question and had made the demonstration mentioned; that at the time he struck the first blow, he believed Choate was about to cut him; that during the fight, he said, in substance: "If you threaten me again, I will use a pistol."

Dallas, a State's witness, said on cross-examination, that the appellant had said that the reason for the trouble was that Choate had threatened him. Apparently, if appellant's testimony is true, antecedent to the conflict he had been informed of a threat against him made by the deceased, and Choate immediately before appellant assailed him made a demonstration which was viewed by the appellant as indicative of an intention to execute the threat. There was thus

presented an issue of fact. That it was supported by the appellant's testimony alone did not destroy its *status* as an issue for the solution of the jury. The truth of his testimony was for the jury. Vernon's Tex. Crim. Statutes, Vol. 2, page 481, Cyc. Law & Proc., Vol. 12, p. 487; Whart. Crim. Evidence, p. 899.

Mr. Branch, in his Annotated Texas Penal Code, Sec. 2083, says:

"If there is evidence of communicated threats and of an overt act by deceased at the time of the homicide not amounting to an actual attack, the court should charge the jury affirmatively on the law of threats in connection with self-defense."

Numerous cases are cited, among them being Sims v. State, 9 Texas Crim. App., 593.

The principle of self-defense is not limited to cases of homicide. It may be a defense to maiming. Wharton's Crim. Law, Vol. 1, page 484. This is recognized in the instant case and in a restricted manner, it was presented to the jury. The court, however, was not warranted in refusing, in response to the appellant's exception to the charge, to embody therein the phase of the law of self-defense which arose upon evidence of communicated threats made by the injured party and followed by an overt act at the time of the assault. Wharton's Crim. Law, Vol. 1, page 984; Green v. State, 15 Amer. & Eng. Ann. Cases, 82.

The rejection by the jury of appellant's theory of self-defense does not cure or render unimportant the error committed in ignoring the evidence of threats. Had the jury known that, under the law, an overt act, which alone would appear of little significance, might, viewed in the light of evidence of threats, become of vital weight as bearing on self-defense, their solution of that issue might have been favorable to appellant. The issue raised from the testimony of the appellant delivered upon the trial in the presence of the jury cannot be eliminated by an *ex parte* affidavit of the witness Robison attached to the State's pleading controverting the allegations of fact contained in the motion for a new trial. Affidavits attached to the motion for a new trial, while available to aid the court in solving the issues of fact presented in the motion, cannot be used as a substitute for testimony before the jury. In passing we will say that affidavits, some of which are found in the record in this case, filed after the trial and after the order overruling the motion for new trial, are but encumbrances and entitled to no place in the record and to no consideration by this court. The decision in the original hearing was rendered without reference to affidavits of this character put in the record by the State, and upon this hearing we must ignore these as well as those which the appellant has attached to his motion for rehearing.

For the reason that the court refused appellant's request to instruct the jury upon the law of communicated threats in connection with the charge on self-defense, the rehearing is granted, the affirmance

set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*