STATE OF IOWA, Appellee, v. CLAYTON VAN DORAN, Appellant.

No. 38225.

June 24, 1929.

*R. J. Organ,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Frank E. Northrop,* County Attorney, for appellee.

Faville, J.—The appellant was charged with the murder of his wife. He signed a written confession, reciting the details of the manner in which he killed her. It appears therefrom that appellant and his wife were upstairs in their home, and had some controversy, and appellant's wife started down the stairs, when appellant hit her on the shoulder with his right hand, and knocked her downstairs, head first. She was holding onto the stairway with her left hand, and when he hit her, it broke loose, and she fell to the bottom landing of the straight part of the stairway. Appellant ran down the stairs, to where his wife was lying on her back, with her head hanging over the corner of the landing. He grabbed her by the throat with both hands, and choked her, and raised her head up and down several times, banging it down on the corner of the landing. He then grabbed her by the arm, and dragged her down a few steps from the landing to the floor of the room, and then dragged her about eight feet north of the steps, where he again choked her for about five

minutes, until she quit moving, and died. A physician who examined the body of the decedent described a fracture of the skull, and testified that in his opinion strangulation was a contributory cause, in addition to the fracture of the skull which hastened the death of the decedent. In regard to the fracture of the skull, the physician testified that the wound was not such as is found in the case of a bullet wound, and that he could not tell from an examination of the wound whether the injury had been sustained from a blow on the head or by the head's striking some object.

I. Appellant contends that the trial judge was guilty of misconduct in absenting himself from the court room during a portion of the argument of the case to the jury. The record in  this respect clearly establishes that at no time during the progress of the trial or during the argument was the judge out of the sight of the jury or out of hearing of the proceedings. It does appear that the judge stood in the doorway of an adjoining room, during a part of the argument of counsel for the State, but at all times he was in a position where he could observe and hear all of the proceedings in the court room. There is no claim that any prejudice could or did result to the appellant under these circumstances. We have recently had occasion to pass upon a similar situation in the case of *State v. McGee,* 207 Iowa 334. Our pronouncement therein made and the cases cited are conclusive against the appellant's contention at this point.

II. Complaint is made in regard to Instruction No. 10. In said instruction the court, among other things, in describing the injury inflicted upon the person of the decedent, used the following expression:  "Did then and there beat and pound the head of said Elsie Van Doran with and against a certain blunt instrument." Appellant's contention is that there was no evidence of the fact that the head of the decedent was at any time beaten with a blunt instrument. In his confession the appellant stated: "I choked her, and raised her head up and down several times, and banging it down on the corner of the landing." Under the record, the jury may have found that the fracture of the skull of the decedent was caused by this act of the appellant's in

banging the deceased's head down on the corner of the landing. Webster's Dictionary defines the word "instrument" as:

"That by means of which any work is performed or result is effected; one that is made a means, or is caused to serve a purpose * * *."

See, also, *People v. Lukoszus*, 242 Ill. 101 (89 N. E. 749); *Lee v. State*, 66 Tex. Cr. 567 (148 S. W. 567); *Magnon v. United States*, 66 Fed. 151; *United States v. Magnon*, 18 C. C. A. 43 (71 Fed. 293). There is no merit in appellant's contention at this point.

III. Complaint is made of a general instruction pertaining to the *corpus delicti*. The instruction as given was not erroneous. It is a familiar rule that requires no citation of authorities that the instructions must be considered as a whole. The instruction did not assume to state all of the elements of the crime charged. The jury could not have so understood it. Appellant's contention in this regard is without merit.

IV. Complaint is made of an instruction which it is contended is a definition of an assault. The instruction was given with reference to the allegation of the indictment that the appellant did "make an assault upon the said Elsie Van Doran." The court was not defining the crime of assault, or submitting it to the jury. There was no prejudicial error at this point. See *State v. Wyatt*, 76 Iowa 328.

V. It is argued that the evidence is insufficient to sustain the verdict. We have read the entire record. In our judgment, no other verdict than that of guilty of murder in the first degree could have been returned by a conscientious jury.

We find no error requiring interference on our part. The judgment is—*Affirmed*.

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.