157 Tex.Cr.R. 65, 246 S.W.2d 197, and Fuentes v. State, Tex.Cr.App., 292 S.W.2d 117.

The sentence is reformed to read not less than two (2) nor more than fifteen (15) years and, as reformed, is affirmed.

Kelly SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 29856.

Court of Criminal Appeals of Texas.

June 18, 1958.

Rehearing Denied Oct. 22, 1958.

Richards & Ferguson, Dalhart, for appellant.

Frank D. McCown, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for disfiguring, with punishment assessed at five years in the penitentiary.

Art. 1167, Vernon's Ann.P.C., is the statute under which this prosecution is brought. It reads as follows:

"Disfiguring. Whoever wilfully and maliciously places any mark by means of a knife or other instrument upon the face or other part of the person of another shall be confined in the penitentiary not less than two nor more than five years or be fined not exceeding two thousand dollars."

The indictment charged that appellant:

" * * * did then and there unlawfully, willfully, and maliciously place a mark upon the lower lip of Erma Scott by hitting, striking and beating the said Erma Scott on the lower lip with his hand, and the said Kelly Scott did then and there by means of said instrument disfigure the said Erma Scott."

The sufficiency of the evidence to support the conviction is challenged.

We relate the facts in the light most favorable to the state:

Erma Scott, the fifteen-year-old daughter of appellant, resided with her father in their home. Over a period of something like two and a half years from May, 1955, to November 8, 1957, appellant struck or slapped his daughter with his open hand approximately ten times on or about the face and lips. The actual number of times the slapping occurred is not more definitely stated under the facts.

Of and within itself, the slapping caused no disfigurement.

Some time during that period of time the daughter developed an infection or a series of infections in her lower lip as a result of one slap or slaps or a succession of slaps. The infection or infectious condition of

the lip was allowed to go improperly treated and resulted in a sloughing away of a part of the lower lip of the child.

It was this loss of a part of the lower lip which constituted the disfigurement upon which the state relied and for which appellant stands convicted.

Whether the slapping of the child was in the exercise of parental restraint, or otherwise, need not be determined, because the legal question here involved is whether a slap upon the face or lip with the open hand is such an instrument as is mentioned in Art. 1167, Vernon's Ann.P.C., and reasonably calculated to cause the child to lose a portion of her lower lip.

For appellant to be guilty, he must have slapped the child with the intent not merely to slap her but to disfigure her, because the statute, as well as the indictment, requires that guilt thereunder must rest upon the wilful and malicious—that is, intentional and deliberate—act of the accused to commit the crime of disfiguring.

■ The intent to disfigure may be shown in either of two ways: (1) by facts showing the specific and express intent to disfigure, or (2) by implication that the instrument or means used was, in the manner used, reasonably calculated to cause or bring about the disfigurement. Art. 45, Vernon's Ann.P.C.

■ There is no testimony, here, showing that appellant entertained any ill-will, jealousy, or hatred toward his daughter whereby he would want to disfigure her by depriving her of part of her lower lip. There is, then, an entire absence of any evidence showing express malice or specific intent on the part of appellant to disfigure his daughter, as charged.

■ The statute, Art. 1167, P.C., refers to and mentions only "a knife or other instrument" as being the means used in committing the crime. This of necessity means that the instrument used—whether a knife or hand—must be such as is reasonably calculated to disfigure in the manner used.

■ The open hand used to slap the child is not deemed such an instrument as would be used to disfigure her.

Here, the facts all show that the disfiguring was caused, ultimately, by an infection, which constituted an intervening cause. Without that intervening cause the disfigurement would not have arisen.

While appellant may ordinarily be charged with the results that are calculated to flow from an unlawful act and a slap on the lip might cause an infection which would ultimately cause the loss of a portion of the lip, that is not what he has been tried for and convicted.

Appellant stands convicted because he slapped his daughter some ten times over a period of about two and a half years and, at the time he slapped her, did so with the intent to disfigure her by placing a mark on her lower lip. The facts warrant no such conclusion.

The judgment is reversed and the cause is remanded.

On State's Motion for Rehearing

DICE, Commissioner.

We have again examined the record in light of the State's motion for rehearing and remain convinced that under the facts presented the use of the open hand by appellant in slapping the child was not with such an instrument as was reasonably calculated to disfigure her and therefore was not with such an instrument as is referred to in Art. 1167, Vernon's Ann.P.C. The conclusion reached herein is not in conflict with the opinion in Lee v. State, 66 Tex.Cr.R. 567, 148 S.W. 567, 40 L.R.A., N.S., 1132, where it was held that disfiguring by throwing carbolic acid in the face was by means of an instrument referred to in the statute as clearly there is a material difference between throwing carbolic acid

in the face of a person and slapping with the open hand upon the face or lip.

■ The State's Attorney construes our opinion as holding that in cases where a disfiguring is actually effected it is incumbent upon the State to prove a specific intent to disfigure in order to sustain a conviction under Art. 1167, Vernon's Ann.P.C. We do not so intend to hold as it is the rule that where a disfiguring is actually effected, if the act was committed with evil intent, with legal malice, without reasonable ground for believing it to be lawful and without legal justification, it is wilful and malicious under the statute, whether or not it was committed with a specific intent to disfigure. Davis v. State, 22 Tex.App. 45, 2 S.W. 630; Keith v. State, 89 Tex. Cr.R. 264, 232 S.W. 321, 16 A.L.R. 949, and Rankin v. State, 139 Tex.Cr.R. 247, 139 S.W.2d 811.

The motion for rehearing is overruled.

Opinion approved by the Court.