No. 3752.

Issy LANDA v. THE STATE.

1. THREATS—INFORMATION.—The offense defined by article 813 of the
Penal Code is knowingly sending or delivering to another any letter or
writing threatening to accuse him of a criminal offense, with the view
of extorting money. The information in this case charged that the de-
fendant did knowingly send and deliver to one W. a written letter
threatening to accuse him of a criminal offense, and that he did *send*
such letter with the view to extort money from him. *Held*, insufficient
to charge that he *delivered* the said letter with the view to extort
money.

2. SENDING THREATENING LETTER, ETC.—VENUE.—The venue of the
offense of sending a threatening letter for the purpose of extorting money,
as that offense is defined by article 813 of the Penal Code, is in the
county from whence the said letter was sent, and not in the county to
which it was sent. Hurt, J., dissents, and holds that the offense may
be prosecuted in either county.

APPEAL from the County Court of Collin. Tried below before
the Hon. W. M. Johnson, County Judge.

This conviction was had under article 813 of the Penal Code,
which defines the offense of sending or delivering a written let-
ter, threatening to accuse another of a criminal offense, for the
purpose of extorting money, etc. The penalty imposed was a
fine of one hundred dollars.

The opinion discloses the case

*Issy Landa* in *propria persona*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is charged in the information that the
defendant did knowingly send and deliver to one W. H. Webb
a written letter threatening to accuse said Webb of a criminal
offense, the letter being set forth in the information *in hæc
verba*, and that he did so *send* said letter with a view to extort
money from the said Webb.

It is to be observed that it is not alleged that the defendant
*delivered* the letter with a view to extorting money, but only
that he *sent* it with that view. We must therefore hold that,

as to the offense of delivering a threatening letter, the informa-
tion is insufficient, as an essential element of such offense is
that such letter be delivered with a view to extort money.
(Penal Code, art. 813.)

As to the *sending* of the letter in question, the evidence con-
clusively shows that it was sent in Bexar county, by being
posted at San Antonio, in said county.   The offense of sending
was therefore complete in said county, and the venue of such
offense is in that county, and not in Collin county. (Code Crim.
Proc., art. 225.)

Because the information is fatally defective with respect to
the offense of delivering the letter in question, and because the
county court of Collin county is without jurisdiction of the
offense of sending such letter, the judgment is reversed and the
prosecution is dismissed.

*Reversed and dismissed.*

(Judge Hurt dissents, being of the opinion that the offense of
sending the letter may be prosecuted in either Bexar or Collin
county.)

Opinion delivered December 19, 1888.

(The record in this case was filed at the Austin branch of this
court, but was transferred to and decided at Tyler.   It is now
reported under the Austin file number.)