Sie BROOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62702.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 15, 1982.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Michael Keasler and Michael Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

CLINTON, Judge.

Appellant was indicted for possession with intent to deliver heroin, enhanced by two prior felony drug convictions. The trial court granted the State's motion to strike from the indictment the words "with the intent to deliver." *Allison v. State,* 618 S.W.2d 763 (Tex.Cr.App.1981). The jury found appellant guilty of possession of heroin and found both enhancement allegations true. The court fixed punishment at confinement for life, in accordance with V.T.C.A. Penal Code, Section 12.42(d).

■ Appellant's brief sets out thirty four grounds of error, the first of which raises insufficiency of evidence but interjects the right to confront and crossexamine witnesses. By combining more than one contention in a single ground an appellant risks rejection of the ground for presenting nothing for review. See *Williams v. State,* 605 S.W.2d 596 (Tex.Cr.App.1980).

■ However, addressing its essence, we find this ground is without merit. The evidence was sufficient to show appellant's

possession of heroin. The State elicited from its witnesses testimony establishing appellant's possession of heroin at the time of his arrest. Police officers testified to finding the substance in appellant's possession and delivering it to a toxicology laboratory for analysis. The head of the laboratory testified that one of the substances was heroin. That the toxicologist who testified did not personally test the heroin does not make his testimony about results obtained by his subordinates inadmissible hearsay. *Hodge v. State,* 631 S.W.2d 754 (Tex.Cr. App.1982); *Alvarez v. State,* 508 S.W.2d 100 (Tex.Cr.App.1974).

Furthermore neither the State nor appellant attempted to put on the witness stand the subordinates who tested the heroin. Therefore, appellant cannot now complain he was denied the right to examine or cross-examine them. Ground of error number one is overruled.

In the second ground of error appellant complains the court denied him the right to testify that he did not know the substance in his possession was heroin. He maintains this was a violation of Article 38.08, V.A.C. C.P.[1]

Appellant testified on redirect examination that a female acquaintance obtained from a third person some balloons containing drugs. He testified that he placed the balloons and drugs in a billfold in order to carry them for the woman, and that police officers found them there. He further stated on redirect that at his residence she injected some of the substances into her arm and that he was in the process of injecting some into his arm when police arrived.

Appellant later made it clear he knew at the time of the offense that the drug was heroin. On recrossexamination the following occurred:

"Q [Prosecutor]: There wasn't any question in your mind that she wasn't talking about anything but heroin? She

1. The statute reads in pertinent part:
   "Any defendant in a criminal action shall be permitted to testify in his own behalf

   therein, . . . ."

came out with drugs and you knew what kind of drugs they were?

A [Appellant]: Right.

Q: So there *was no question in your mind then that this was heroin* that we are talking about?

A: Right.

Q: And you did have it in your upper pocket?

A: Right." [2]

Both sides rested, and final arguments were scheduled to begin the next morning. The following day, before final arguments had begun, the court granted defense counsel's request for permission to reopen to recall appellant for "just a few questions." After questioning appellant about the female companion mentioned above, defense counsel asked him if he recalled the questions asked by the prosecutor the previous day about appellant's possessing heroin when he was arrested. Appellant replied that he did recall. Then the following occurred:

"Q [Defense counsel]: Had you previously heard the chemist testify that the substances were heroin or some of the substances were heroin?

A: Yes.

Q: Do you know of your own personal knowledge whether or not it was heroin?"

The prosecutor objected that defense counsel was trying to impeach his own witness, and the court sustained. The questioning then proceeded as follows:

"Q [Defense Counsel]: Can you look at a substance and tell whether or not it is heroin?

A: No.

Q: Are you a chemist?

A: No.

Q: At the time that the substance was there in your house did you know in fact it was heroin?"

The court again sustained the State's objection and instructed defense counsel not to ask the question again.

Defense counsel then showed appellant the balloons that had been admitted into evidence and asked, "Do you know of your own personal knowledge whether or not this is heroin in there?" The court again sustained the State's objection, saying, "I don't see any need for all of this. To me it's *repetitious.* I'm not going to permit any more questions along that line." [3]

Outside the presence of the jury defense counsel made an offer of proof by questioning appellant as follows:

"Q: Mr. Brooks, at the time that you testified yesterday that it was heroin that you possessed were you testifying from your own personal knowledge or were you testifying based upon what you heard the chemist say?

A: What I heard the chemist say.

Q: Do you know in fact that was heroin?

A: No, I don't.

Q: What?

A: They took it out of my arm and said it was.

Q: You had not used it or you had no way of knowing what it was?

---

**2.** Compare *Robbins v. State,* 481 S.W.2d 419 (Tex.Cr.App.1972), in which the record of crossexamination in that prosecution for narcotics possession included the following:

"Q [Prosecutor]: Well, you had no question in your mind that it was pills, did you?

A [Defendant]: No.

\* \* \* \* \* \*

Q: But you knew he was buying some drugs again that day, didn't you?

A: Right.

Q: You didn't have any doubt in your mind, did you?

A: No."

The record and questioning above was held to show clearly that appellant knew he was deal-

ing with dangerous drugs. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**3.** After retiring the jury and ruling defense counsel's next line of questioning to be inadmissible also, the court stated the following to defense counsel:

"Well *I might add this.* That I was totally completely misled in your request that you be permitted to reopen as to the reason for your reopening.

I really think that the questions asked of this particular witness, after I permitted you *to reopen, far exceed the reasons given to me* for the purpose of allowing you to reopen."

A: No, I didn't.

Q: Are you able to look at [a] powdered substance and know whether it's heroin or not?

A: No, I'm not.

Q: When you testified yesterday that it was heroin were you basing your testimony solely on what you understood the chemist said?

A: He just said it had been tested.

Q: Did you intend to make a judicial confession in court that it was in fact heroin?

A: I had no way of knowing."

The State's objection that defense counsel was attempting to impeach appellant by the above line of questioning was not well taken. By such questions defense counsel can hardly be said to have been attacking appellant's credibility, but instead was attempting to afford appellant an opportunity to explain his earlier testimony given during crossexamination.

■ "The purpose of a re-direct examination is to meet the effect of the cross-examination and allow the witness to explain or qualify statements made in the cross-examination." 1 Ray, Evidence § 621 (3rd ed. 1980). Appellant was attempting on redirect after reopening to explain that at the time of his arrest he did not know, as a toxicologist might know, that the substance in question was heroin. He meant to qualify the response he had made on crossexamination to the effect that at the time of his arrest he knew the substance in his possession was heroin.

Appellant's attempt to explain or qualify his earlier testimony, insofar as it constituted such an attempt, was properly permitted by the trial court. The court permitted the portion of appellant's testimony on reopening which was not inadmissible impeachment and was not merely repetitious. As a result appellant sufficiently made his point before the jury that he did not have a toxicologist's knowledge that the substance was heroin. He was permitted to testify before the jury that he was not a chemist and that he could not tell a substance was heroin merely by looking at it.

Appellant complains that he was not permitted to testify on reopening that he did not know *in any way* that the substance was heroin. He had already testified twice on crossexamination that there was no question in his mind at the time of his arrest that it was heroin. The trial court properly ruled that further questioning on that point was inadmissible because it was repetitious. *Hoovel v. State,* 125 Tex.Cr.R. 545, 69 S.W.2d 104 (1934). No error is shown. Ground of error number two is overruled.

■ In grounds of error numbers three through eight appellant complains of insufficiency of evidence presented to the grand jury to support an indictment. This Court will not go behind the actions of a grand jury to determine whether sufficient evidence existed to justify returning an indictment. *Carr v. State,* 600 S.W.2d 816 (Tex.Cr.App.1980); *Tarpley v. State,* 565 S.W.2d 525 (Tex.Cr.App.1978).[4] An indictment returned by a legally constituted unbiased grand jury, if valid on its face,[5] is sufficient to mandate trial of the charge on its merits. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978);

---

**4.** In *Lee v. State,* 66 Tex.Cr.R. 567, 148 S.W. 567, 568 (1912) the Court held a motion to quash the indictment was properly denied even though that indictment "was found by the grand jury without witnesses or testimony before them upon which to predicate such finding." In the present case an officer testified before the grand jury that while executing the search warrant he caught appellant "shooting dope in his arm."

**5.** Appellant contends that the indictment was returned by the grand jury sitting during the April, 1978 term but that the only evidence presented to any grand jury was presented to a different one sitting during the January, 1978 term. He maintains that no evidence was presented to the grand jury which returned the indictment against him. The indictment on its face shows it was presented to the court during the January, 1978 term. Although the record discloses that the actual date of presentment to the court was April 24, 1978, nothing in the record indicates that date was not during the January, 1978 term.

*Forbes v. State,* 513 S.W.2d 72 (Tex.Cr.App. 1974). No deprivation of due process is shown. Grounds of error numbers three through eight are overruled.

■ In ground of error number nine appellant contends the trial court erred in denying him the right to subpoena evidence relevant and material to his attack upon the validity of the affidavit upon which the search warrant was based. Appellant wished to subpoena all search warrants along with their supporting affidavits and returns made during the preceding two years by the affiant officer in the instant case. By comparing the affidavits with the returns he hoped to show that the officer always used unreliable or fictitious sources. Appellant intended thereby to cast doubt upon the assertion in the affidavit in the instant case that the confidential informant was reliable.

In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) the court held that where a defendant *makes a preliminary showing* that the affiant to a search warrant affidavit, *intentionally, knowingly or with reckless disregard of the truth* includes a false statement therein, the defendant must be afforded a hearing to determine the validity of his claim. This Court has held the *Franks* rule retroactive. *Ramsey v. State,* 579 S.W.2d 920 (Tex.Cr. App.1979).

In the present case appellant did not make a preliminary showing that a false statement was included by the affiant officer in the affidavit either knowingly and intentionally or with reckless disregard of the truth. Appellant did not even allege that the affiant made a false statement, nor did he file a motion asking for a hearing on the matter. Therefore, he never brought himself within the purview of the *Franks* rule.

At pretrial hearings on his motions to set aside the indictment and to suppress evidence appellant failed to produce evidence that any statement in the affidavit was false or, if any statement therein was false, that the affiant officer knowingly and intentionally or with reckless disregard placed it in the affidavit.[6] Absent such a preliminary showing that the affiant included a false statement in the affidavit knowingly and intentionally or with reckless disregard of the truth, the failure of the court to require the State to produce all documents requested was not error. By taking testimony on the matter without such a preliminary showing the court afforded appellant more protection than *Franks* mandated. Ground of error nine is overruled.

■ In grounds of error numbers ten, eleven and twelve appellant again attacks the affidavit supporting the search warrant for failure to disclose to the magistrate that the confidential informant relied upon therein was paid by the police, had been convicted of criminal offenses, and had previously provided affiant with false information. The testimony of the affiant officer cited by appellant affirms his claim that the informant was paid but does not support the allegation that he had been convicted of criminal offenses and negates the claim that he had previously given affiant false information. Elsewhere in the record the officer affirmed that the informant had a criminal record. But it was not disclosed whether his record included convictions.

Appellant's reliance upon *Franks,* supra, in this ground of error is misplaced. That case relates not to *omissions* of facts about an informant but only to *false statements* by the affiant which are made knowingly and intentionally or made in reckless disregard of the truth. Absent such a showing as would warrant a *Franks* hearing, this Court will not look beyond the four corners

6. Defense counsel stated during said hearings that his intention was to discover whether or not the confidential informant in this case had given false information to the same affiant officer in other cases, thereby to discover whether the affiant falsely swore that the informant was reliable or failed to disclose to the magistrate

facts which would indicate the informant was not reliable. The trial court, in order to protect confidentiality of informants, declined to require the officer to identify which affidavits in other cases were based on information provided by the same informant. The State produced some but not all of the requested documents.

of the affidavit. *Ramsey v. State,* supra. Appellant has not demonstrated that any statement or omission in the instant affidavit was made knowingly, intentionally or with reckless disregard for the truth. Compare *Ellerbee v. State,* 631 S.W.2d 480 (Tex. Cr.App.1982). Grounds of error numbers ten, eleven and twelve are overruled.

■ In ground of error number fourteen appellant asserts the trial court erred in admitting evidence obtained pursuant to the search warrant in that the affidavit supporting the warrant was based on information obtained by a paid police informant through unlawful entry of appellant's residence. Appellant does not direct the Court to any place in the record where he presented this question to the trial court or obtained a ruling thereon. He points only to one page of appellant's testimony and to Article 38.23, V.A.C.C.P. This is insufficient to call the Court's attention to the ruling of which appellant complains or to comply with Article 40.09(9), V.A.C.C.P. *Hurd v. State,* 513 S.W.2d 936 (Tex.Cr.App.1974). Appellant also makes this ground of error multifarious by arguing insufficiency of evidence along with the attack on the affidavit. Nothing is presented for review. *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1979). Ground of error number fourteen is overruled.

■ In ground of error number thirteen appellant contends the State failed to introduce the affidavit supporting the search warrant at the hearing on the motion to suppress, that said affidavit stated insufficient facts, and that the evidence is insufficient to support the conviction, once allegedly inadmissible evidence is excluded. This multifarious ground, without citation to authority, presents nothing for review.[7] *McWherter v. State,* 607 S.W.2d 531 (Tex. Cr.App.1980); *Ely v. State,* supra; Article 40.09(9), supra.

Appellant contends in ground of error number fifteen that the trial court erred in *overruling his objection* to testimony regarding the extraneous offense of possession of cocaine. However, the record shows the court *sustained* the objection and instructed the jury to disregard the statement regarding cocaine. This ground is without merit and is overruled.

■ In grounds of error numbers sixteen and seventeen appellant contends that the action of the trial court in reconvening without defense counsel tended to subject defense counsel to ridicule. These grounds of error are without citation to authority and are without merit.

The court had announced a short recess. According to the court's own statement in response to a defense motion for mistrial:

"... then the Jury was brought back in and the Court believes that all attorneys were in the area of the courtroom and that after waiting for 15 minutes the Court then brought the Jury in but not one single word of any type or character was said until both attorneys appeared in court."

The court also stated that the bailiffs had been looking for defense counsel, and that everyone, including the jury, waited an additional ten to fifteen minutes for defense counsel to return. Any prejudice to appellant was caused by the tardiness of his counsel. The court properly denied the motion for mistrial. Grounds of error numbers sixteen and seventeen are overruled.

Ground of error number eighteen is multifarious and devoid of reference to the record or authorities. The references to the record provided by the State and our examination of the record make it clear the objection made at trial is different from the complaint on appeal. This ground of error does not comply with Article 40.09(9), supra, and we overrule it.

■ In ground of error number nineteen appellant contends that a Nebraska conviction should not have been used for enhancement because the offense does not require a culpable mental state and, therefore, is not denounced as a felony under Texas law. He cites *Montgomery v. State,*

7. The affidavit and warrant appear in the record and are valid.

571 S.W.2d 18 (Tex.Cr.App.1978), which we have expressly overruled in *Ex parte Blume,* 618 S.W.2d 373 (Tex.Cr.App.1981). Ground of error number nineteen is likewise overruled.

Appellant contends in ground of error number twenty that the above mentioned Nebraska conviction could not have related to a felony offense because the offense was charged by information instead of indictment. He argues that because only felonies may be used for enhancement under V.T.C.A. Penal Code, § 12.42(d) consideration of the Nebraska conviction was improper. However, the "pen packet" introduced as State Exhibit Three shows he was convicted in said cause of possession of heroin and was sentenced to two years imprisonment at the Nebraska Penal and Correctional Complex. Appellant admitted in court that he had been convicted of a *felony* in said cause and that he received a two year sentence in the Nebraska State Penitentiary.

"Felony" is defined in V.T.C.A. Penal Code, § 1.07(a)(14) as "an offense so designated by law or punishable by death or confinement in a penitentiary." A "misdemeanor" is defined in V.T.C.A. Penal Code, § 1.07(a)(21) as "an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail." It is assumed unless proven otherwise that the laws of Nebraska classify offenses as felonies or misdemeanors the same as do the laws of Texas. *Almand v. State,* 536 S.W.2d 377 (Tex.Cr.App.1976). Ground of error number twenty is overruled.

Appellant argues in grounds of error numbers twenty one and twenty two, without citing any authorities, that he was denied effective assistance of counsel by objections made by the prosecutor and a ruling made by the court that defense counsel was acting in bad faith in repeatedly asking a particular question.[8] The prosecutor's objection to defense counsel's question had been sustained; however, defense counsel

again asked the same question. The prosecutor objected, alleged bad faith, and asked the court to instruct defense counsel not to ask the question again. The court sustained and so instructed. Nevertheless, defense counsel asked the question a third time, at which time the prosecutor again objected and alleged bad faith. The court again instructed defense counsel to abandon the question.

Defense counsel's only objections to the allegations of bad faith came in the form of motions for mistrial, which were properly denied. The proper method of pursuing an objection until an adverse ruling is to (1) object, (2) request an instruction to disregard, and (3) move for a mistrial. *Koller v. State,* 518 S.W.2d 373 (Tex.Cr.App.1975). Appellant did not ask for an instruction to disregard the "bad faith" comments. An instruction to disregard usually will cure any error committed by such statements. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980). By not requesting appropriate relief appellant has failed to preserve error.

Statements by counsel will not constitute reversible error unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the accused into the proceeding. *Todd v. State,* supra. In light of defense counsel's repeated disregard for the trial court's ruling on defense counsel's question, we do not perceive the prosecutor's allegations of bad faith to have been extreme or manifestly improper, violative of a mandatory statute, or as having injected new facts, harmful to the accused into the trial. Ground of error number twenty one is overruled.

The trial court did not rule defense counsel had acted in bad faith. The court merely sustained the prosecutor's objections and instructed defense counsel to abandon the line of questioning. Ground of error twenty two is without merit and is overruled.

**8.** See ground of error number two, *infra.*

Appellant contends in grounds of error numbers twenty three through twenty nine inclusive that the trial court erred under Article 38.23, V.A.C.C.P. in refusing certain requested charges regarding the legality of the search of his residence and seizure of evidence admitted at trial. Article 38.23, supra, provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

■ The terms of Article 38.23, supra, are clearly mandatory, the only issue being whether under the facts of a particular case an issue concerning the validity of the search is raised by the evidence. Where no such issue is raised by the evidence, the trial court acts properly in refusing such a request. *Jordan v. State,* 562 S.W.2d 472 (Tex.Cr.App.1978); *Stein v. State,* 514 S.W.2d 927 (Tex.Cr.App.1974); *Fisher v. State,* 493 S.W.2d 841 (Tex.Cr.App.1973).

■ Although appellant repeatedly states in the brief that he "raised an issue before the Jury as to the legality of a search and seizure," he fails in these grounds of error to refer this Court to a single page in the record where he raised such an issue before the jury. Grounds of error numbers twenty three through twenty nine are in violation of Article 40.09(9), V.A.C.C.P. in that they do not sufficiently refer to the record, and they will not be considered further. *Brown v. State,* 605 S.W.2d 572 (Tex.Cr.App.1980).

■ In grounds of error numbers thirty through thirty three inclusive appellant attacks the constitutionality of the application of V.T.C.A. Penal Code, § 12.42(d). The application of said section has been upheld by the United States Supreme Court in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) and by this Court in *Rodriguez v. State,* 614 S.W.2d 448 (Tex.Cr.App.1981) and *Girnus v. State,* 595 S.W.2d 118 (Tex.Cr.App.1980). These grounds of error are overruled.

■ In ground of error number thirty four appellant complains of the court's refusal to instruct the jury that the jury is allowed to determine that life imprisonment would constitute cruel and unusual punishment and, having so determined, to decline to find appellant had two prior felony convictions. Appellant cites no authority supporting the proposition that the trial court should instruct the jury that if it finds a life sentence inappropriate it is to disregard its oath and refuse to find enhancement allegations true in order to prevent appellant's receipt of a life sentence. Ground of error number thirty four is overruled.

The judgment of conviction is affirmed.