Albert Wayne WARE, Appellant,

v.

STATE of Texas, Appellee.

No. 11–84–047–CR.

Court of Appeals of Texas,
Eastland.

Sept. 12, 1985.

Frank W. Conard, II, Sweetwater, for appellant.

Frank Ginzel, Special Pros. Atty., Andrew Ottaway, Dist. Atty., Colorado City, Norman Arnett, Dist. Atty., Sweetwater, for appellee.

Opinion

DICKENSON, Justice.

The jury convicted Albert Wayne Ware for the offense of "retaliation"[1] and assessed his punishment at confinement for 20 years and a $10,000 fine.[2] The district judge cumulated[3] this sentence with appellant's second Nolan County conviction[4] which had in turn been cumulated with his first Nolan County conviction.[5] The total punishment to which appellant is subject is 53 years confinement and fines totalling $22,500. We affirm this conviction.

The present conviction is a companion case to Ware II, see footnote 4. These two offenses were committed while appellant was free on a discretionary review appeal bond on Ware I, see footnote 5. The threats in this case were directed against the district attorney who had prosecuted Ware I, and the first ground of error in this case is identical to the pro se ground of error which was discussed in Ware II.

Appellant presents four grounds of error. There is no challenge to the sufficiency of the evidence. Ground one argues that the trial court erred in failing to grant appellant's motion to suppress evidence because "the affidavit presented to obtain the arrest warrant was based solely on the conclusions of the complainant." This ground is overruled for the reasons stated in *Ware II*, 685 S.W.2d at 445.

Grounds two and three argue that the trial court erred in failing to sustain two objections to the special prosecutor's jury argument which appellant says commented

---

1. TEX. PENAL CODE ANN. sec. 36.06 (Vernon Supp.1985) declares this offense to be a third degree felony and defines "retaliation" in the following language:

    A person commits an offense if he intentionally or knowingly harms *or threatens to harm* another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant. (Emphasis added)

2. The punishment was enhanced under TEX.PENAL CODE ANN. sec. 12.42(a) (Vernon 1974) by proof that appellant had been convicted on October 31, 1980, for the felony offense of involuntary manslaughter.

3. See TEX.CODE CRIM.PRO.ANN. art. 42.08 (Vernon 1979).

4. See *Ware v. State*, 685 S.W.2d 442 (Tex.App.—Eastland 1985, pet'n filed), which imposed punishment at 20 years confinement and a $10,000 fine for the unlawful possession of a firearm by a convicted felon. This Court affirmed that conviction on January 31, 1985, and the petition for discretionary review is pending in the Court of Criminal Appeals.

5. See *Ware v. State*, 677 S.W.2d 546 (Tex.App.—Eastland 1983, pet'n granted), which imposed punishment at 13 years confinement and a $2,500 fine for the unlawful possession of a firearm by a convicted felon. This court reversed that conviction on March 31, 1983, and the Court of Criminal Appeals granted discretionary review. The case is pending decision at this time.

on his failure "to testify and deny and contradict" the State's evidence.

*As to the first objection, the record shows:*

PROSECUTOR: ... by communicating said threat to Bonnie Colleen Reisinger. That is undisputed.

DEFENSE COUNSEL: Objection. That communication would be a comment— that argument would be a comment—on the defendant's failure to testify.

PROSECUTOR: Under the evidence. I say undisputed under the evidence, and qualify that, Your Honor.

DEFENSE COUNSEL: Still object as being a comment on the defendant's failure to testify, Your Honor.

THE COURT: All right. The Jury will be instructed they will not consider it for any purpose—the fact that the defendant did not take the stand and testify. I didn't understand it as a comment on the failure of the defendant to testify. But the Jury again is instructed not to consider it for any purpose—the failure of the defendant to take the stand. That is a right he has.

DEFENSE COUNSEL: I take it you are overruling my objection.

THE COURT: Yes.

*As to the second objection, the record shows:*

PROSECUTOR: ... he (appellant) calls. He initiates this (telephone conversation). "You got that recorder on?" And, "You know what I mean." This is what he said. And I challenge you—And, I know, you know—"You know what I mean." And this is, "Know what I mean?" "I mean." Is that disputed in the evidence anywhere? No.

DEFENSE COUNSEL: Again, I object to that. A comment on the defendant's failure to testify.

PROSECUTOR: Your Honor, we are entitled to, I understand, argue the evi-

dence that is submitted. I said, "Under the evidence."

DEFENSE COUNSEL: There is not but one purpose.

THE COURT: I will overrule the objection. I will caution (the jury) again they are not to consider the fact that the defendant did not testify for any purpose.

■ In view of the following: (1) the State's argument was at most an indirect reference to appellant's failure to testify; (2) there was a tape of the disputed telephone conversation which appellant could have used to cross-examine the other participant in the phone call; (3) the trial court on each occasion instructed the jury not to consider for any purpose the fact that appellant did not testify; and (4) there was no motion for mistrial, grounds two and three are overruled. See *Boyd v. State,* 643 S.W.2d 700 at 707 (Tex.Cr.App.1982); *Brooks v. State,* 642 S.W.2d 791 at 798 (Tex.Cr.App.1982).

The fourth ground of error concerns venue.[6] The indictment charged appellant with making a telephone call on November 25, 1983, to his former girlfriend during which he threatened to harm the former district attorney who had prosecuted him and secured the conviction in *Ware I,* supra note 5. The proof shows that appellant was in Tarrant County when he made the telephone call but that the former girlfriend was in Nolan County during the conversation.

Appellant cites *Landa v. State,* 26 Tex. App. 580, 10 S.W. 218 (1888), to support his argument that venue was in Tarrant County, and not in Nolan County. *Landa* is distinguishable on its facts. It has never been cited by any later case, and the Penal Code and Code of Criminal Procedure have both been extensively revised since *Landa* was decided in 1888. Further, that opinion makes it clear that it turned on the "send-

6. The presumption found in TEX.CODE CRIM. PRO.ANN. art. 44.24 (Vernon Supp.1985) is not applicable because venue was "made an issue in the court below." Consequently, the State was required to prove that the offense, or at least a portion of the offense, was committed in the county where the offense was prosecuted. See TEX.CODE CRIM.PRO.ANN. art. 13.18 (Vernon 1977) and *Wood v. State,* 573 S.W.2d 207 at 210 (Tex.Cr.App.1978).

ing of the letter" rather than the delivery of the letter in the county of suit.

■ While no case is cited which exactly covers the situation before us, we are satisfied that the approach taken in a somewhat similar situation in *United States v. Lewis*, 676 F.2d 508 (11th Cir.1982), *cert. denied*, 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982), is correct. See 676 F.2d at 511 where the Court states:

> In *United States v. Strickland*, 493 F.2d 182, 187 (5th Cir.1974), *cert. dismissed*, 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974), the Fifth Circuit Court of Appeals held that the prosecution was properly initiated in Atlanta because "telephone calls and conversations to and from Atlanta" were overt acts sufficient to establish venue.

We also note that *Doyle v. State*, 661 S.W.2d 726 at 730 (Tex.Cr.App.1983), holds that an indictment for retaliation should state the "manner and means" the threat was made since the "threat could have been conveyed in a number of ways, including: face to face in person, over the phone directly, through a third party, or through the mail." We hold that the offense was committed partly in Tarrant County (where appellant made the call) and partly in Nolan County (where complainant received the call and heard the threat) and that venue would be proper in either county. See *Wood v. State*, supra note 6. The fourth ground of error is overruled.

The judgment of the trial court is affirmed.