Stotts v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00454-CR







Robert Stotts, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0936274, HONORABLE JON N. WISSER, JUDGE PRESIDING








 This is an appeal from a conviction for aggravated robbery. See Tex. Penal Code
Ann. § 29.03(a)(2) (West 1994). After a jury found appellant Robert Stotts guilty of the charged
offense, the court assessed punishment at twenty-six years' imprisonment. We will affirm the
conviction.



FACTUAL AND PROCEDURAL BACKGROUND


 Shortly after midnight on December 1, 1993, Ruben Valdez stopped outside a
closed convenience store in South Austin to make a phone call. As he completed his call,
appellant, Terry Pittman, and Curtis Pittman approached Valdez and asked him what he was
doing. Valdez responded that it was none of their business. Terry Pittman then pulled out a toy
pistol resembling a nine millimeter handgun and demanded money. Valdez handed Curtis Pittman
a coin purse containing less than two dollars. The young men then demanded his car keys, which
he gave them. Immediately thereafter, appellant struck Valdez in the head with a plunger handle. 
While appellant repeatedly struck Valdez, Terry Pittman and Curtis Pittman kicked and hit the
victim. Curtis Pittman then went through Valdez's pockets while Terry Pittman and appellant
searched the car. After the robbery and assault, Valdez was unconscious and covered in blood. 
He suffered multiple lacerations of the forehead and cheek, a broken nose, a broken left
cheekbone, two broken front teeth, and a broken rib. Appellant, Terry Pittman, and Curtis
Pittman were arrested later that morning. Appellant confessed to beating Valdez but denied
knowledge of any theft.

 At trial, appellant requested instructions on aggravated assault and assault. The
court denied both requests and instructed the jury on aggravated robbery, robbery, and theft, as
well as the law of parties. The jury returned a guilty verdict on aggravated robbery.



DISCUSSION


 In points of error one and two, appellant complains that the evidence is legally
insufficient to support the jury's verdict that he participated in the theft portion of the charged
offense or that he used or exhibited a deadly weapon. Within the body of the argument of these
points of error, however, appellant asserts there is insufficient evidence to corroborate the
accomplice witnesses' testimony. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). 
Thus, within the same points of error, appellant argues both legal insufficiency and insufficient
evidence to corroborate accomplice testimony. Accordingly, this Court may disregard his first
and second points of error as multifarious. See Garcia v. State, 887 S.W.2d 862, 867 (Tex.
Crim. App. 1994); Brooks v. State, 642 S.W.2d 791, 793 (Tex. Crim. App. 1982) (A point of
error is multifarious when it embraces more than one specific ground of error.); see also Tex. R.
App. P. 74(d). In the interest of justice, however, we will consider appellant's complaints on the
merits.

 Article 38.14 of the Code of Criminal Procedure provides that accomplice
testimony cannot be used to support a conviction unless corroborated by other evidence tending
to connect the defendant with the crime. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). 
Corroboration is not sufficient if it merely shows commission of the offense. Id. The test for
sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice
witnesses and to examine the evidence of other witnesses to determine whether there is any
inculpatory evidence that tends to connect the defendant with the crime. Colella v. State, 915
S.W.2d 834, 838 (Tex. Crim. App. 1995); Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim.
App. 1993). The court of criminal appeals has articulated several factors for assessing the
sufficiency of the corroborating evidence:



All the facts and circumstances in evidence may be looked to as furnishing the
corroboration necessary. The corroborative evidence may be circumstantial or
direct. The combined cumulative weight of the incriminating evidence furnished
by the non-accomplice witnesses which tends to connect the accused with the
commission of the offense supplies the test. It is not necessary that the
corroboration directly link the accused to the crime or be sufficient in itself to
establish guilt. 



Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988) (citations omitted). Furthermore,
to be sufficient to connect the accused with the charged offense, the corroborative evidence "need
not be corroborative of any particular statement made by the accomplice." Holladay v. State, 709
S.W.2d 194, 200 (Tex. Crim. App. 1986).

 The record contains ample evidence, apart from Terry Pittman's and Curtis
Pittman's testimony, tending to connect appellant to the offense with which he was charged. A
non-accomplice witness saw three young men, one wearing a red jacket, walk by her house in the
direction of the convenience store shortly before the robbery. Valdez testified that three young
men robbed him of money and car keys and then beat him until he was unconscious. Appellant's
own statement places himself at the scene of the crime and admits joining in the attack on Valdez. 
A non-accomplice witness testified that he saw a man in a red jacket delivering over-hand blows
with a stick. A red jacket was found in the room in which appellant was arrested. This
independent evidence at a minimum tends to connect appellant to the offense of aggravated
robbery and thus sufficiently corroborates Terry Pittman's and Curtis Pittman's testimony.

 Having determined that the evidence sufficiently corroborates the accomplice
witnesses' testimony, we will now consider whether the evidence is legally sufficient to support
the jury's verdict of conviction. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support
a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the
evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981). 

 In addition to the previously mentioned evidence, both Curtis Pittman and Terry
Pittman testified that they and appellant participated in the crime and that appellant hit the victim
with a stick and then helped Terry Pittman search the victim's car, from which several items were
stolen. Terry Pittman testified that during the robbery appellant wore the red jacket found at the
time of arrest. Based on these facts, we believe a rational trier of fact could find the essential
elements of aggravated robbery beyond a reasonable doubt. We hold the evidence sufficient to
support the jury's verdict and overrule points of error one and two. 

 In point of error three, appellant asserts that the trial court erred when it refused
to charge the jury on the lesser included offense of misdemeanor assault. See Tex. Penal Code
Ann. § 22.01 (West 1994). A defendant is entitled to an instruction on a lesser included offense
when (1) the lesser included offense is included within the proof necessary to establish the offense
charged, and (2) some evidence exists in the record that would permit a jury rationally to find that
if the defendant is guilty, he is guilty only of the lesser offense. Bignall v. State, 887 S.W.2d 21,
23 (Tex. Crim. App. 1994); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). 
In making this determination, this Court reviews all the evidence presented at trial. Bignall, 887
S.W.2d at 23; Rousseau, 855 S.W.2d at 673.

 We will assume, without deciding, that in this case assault is a lesser included
offense of aggravated robbery, and, therefore, we will assume that the first prong of the test stated
in Bignall and Rousseau is satisfied. As to the second prong, appellant contends that his
confession provided some evidence that if he is guilty, he is guilty only of misdemeanor assault. 
A lesser included offense may be raised if evidence either affirmatively refutes or negates an
element establishing the greater offense, or if the evidence on the issue is subject to two different
interpretations, one of which negates or rebuts an element of the greater offense. Schweinle v.
State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). In his confession, appellant admits to kicking
Valdez but claims no memory of taking Valdez's money and does not admit using a deadly
weapon during the assault. (1) Appellant asserts that based on his confession the jury could believe
that he was not a party to the robbery and that he did not have a deadly weapon during the assault.

 We reject appellant's argument. In Bignall, the Court of Criminal Appeals stated
"there must be some evidence directly germane to a lesser included offense for the factfinder to
consider before an instruction on a lesser included offense is warranted." Bignall, 887 S.W.2d
at 24 (emphasis added). The defendant in Bignall, who was charged with aggravated robbery,
affirmatively presented evidence from several sources that negated the presence of a gun. Id. at
23. Accordingly, the court concluded that there was some evidence that entitled the defendant to
a charge on the lesser included offense of theft. In the present case, neither appellant nor anyone
else affirmatively stated that appellant was not involved in robbing Valdez of his money, car keys,
and personal items or stated that appellant did not have a weapon during the commission of the
offense. Appellant's confession, in which he claimed a lack of memory of stealing Valdez's
money and did not mention using a deadly weapon, is not direct, affirmative evidence negating
appellant's participation in or use of a deadly weapon during the robbery. Moreover, appellant's
confession does not raise an interpretation of the events that could negate or rebut an element of
aggravated robbery.

 In addition, the nature and extent of the victim's injuries preclude a finding of
misdemeanor assault. A person commits misdemeanor assault if he causes "bodily injury" to
another. Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). A person commits aggravated assault
(a felony) if he causes "serious bodily injury" to another. Tex. Penal Code Ann. § 22.02(a)(1)
(West 1994). The evidence in the present case conclusively shows the victim's injuries to have
been "serious." Accordingly, there is no evidence in the record that would permit a jury
rationally to conclude that appellant was guilty only of misdemeanor assault. We overrule point
of error three.

 In point of error four, appellant complains that the trial court erred in admitting
evidence of Valdez's medical records, because they were not relevant. Specifically, appellant
asserts that the medical records were not relevant because the State did not prove that the records
belong to the Ruben Valdez who was the complainant in the present case.

 The Texas Rules of Criminal Evidence favor the admission of all logically relevant
evidence. Tex. R. Crim. Evid. 402. If evidence has any tendency to make the existence of any
fact of consequence to the determination of the action more or less probable, it is relevant. Tex.
R. Crim. Evid. 401. We will not disturb the trial court's ruling as long as it is within the "zone
of reasonable disagreement." Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993). 
Ruben Valdez's medical records were relevant to prove the existence and extent of his injuries
sustained during the aggravated robbery. The medical records reflect the same name, birth date,
occupation, social security number, date of injury, and injuries to which Valdez testified. We
conclude that the trial court did not err in admitting the medical records and overrule point of
error four. (2)

CONCLUSION


 We affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish
1. Appellant relies on the following portion of his confession:


I think Terry hit the man. The man went down and me and Curtis kicked
him a couple times. I don't remember any of the money being taken or
nothing else being said.
2. On the day this case was orally argued, appellant filed a motion for leave to file a
supplemental brief in which he raised a new point of error. We overrule the motion.



ion the jury could believe
that he was not a party to the robbery and that he did not have a deadly weapon during the assault.

 We reject appellant's argument. In Bignall, the Court of Criminal Appeals stated
"there must be some evidence directly germane to a lesser included offense for the factfinder to
consider before an instruction on a lesser included offense is warranted." Bignall, 887 S.W.2d
at 24 (emphasis added). The defendant in Bignall, who was charged with aggravated robbery,
affirmatively presented evidence from several sources that negated the presence of a gun. Id. at
23. Accordingly, the court concluded that there was some evidence that entitled the defendant to
a charge on the lesser included offense of theft. In the present case, neither appellant nor anyone
else affirmatively stated that appellant was not involved in robbing Valdez of his money, car keys,
and personal items or stated that appellant did not have a weapon during the commission of the
offense. Appellant's confession, in which he claimed a lack of memory of stealing Valdez's
money and did not mention using a deadly weapon, is not direct, affirmative evidence negating
appellant's participation in or use of a deadly weapon during the robbery. Moreover, appellant's
confession does not raise an interpretation of the events that could negate or rebut an element of
aggravated robbery.

 In addition, the nature and extent of the victim's injuries preclude a finding of
misdemeanor assault. A person commits misdemeanor assault if he causes "bodily injury" to
another. Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). A person commits aggravated assault
(a felony) if he causes "serious bodily injury" to another. Tex. Penal Code Ann. § 22.02(a)(1)
(West 1994). The evidence in the present case conclusively shows the victim's injuries to have
been "serious." Accordingly, there is no evidence in the record that would permit a jury
rationally to conclude that appellant was guilty only of misdemeanor assault. We overrule point
of error three.

 In point of error four, appellant complains that the trial court erred in admitting
evidence of Valdez's medical records, because they were not relevant. Specifically, appellant
asserts that the medical records were not relevant because the State did not prove that the records
belong to the Ruben Valdez who was the complainant in the present case.

 The Texas Rules of Criminal Evidence favor the admission of all logically relevant
evidence. Tex. R. Crim. Evid. 402. If evidence has any tendency to make the existence of any
fact of consequence to the determination of the action more or less probable, it is relevant. Tex.
R. Crim. Evid. 401. We will not disturb the trial court's ruling as long as it is within the "zone
of reasonable disagreement." Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993). 
Ruben Valdez's medical records were relevant to prove the existence and extent of his injurie