NUMBER 13-00-710-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


CALVIN WAYNE COPELAND , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 377th District Court

of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


Background


Appellant was charged with burglary of a habitation. The jury found appellant guilty and he was sentenced to confinement
for 35 years. Appellant challenges his conviction on grounds that evidence was admitted without a proper predicate and the
State made an improper jury argument. We affirm. 

Admission of Evidence


We first address appellant's contention that the evidence was improperly admitted. Specifically, appellant complains that
the trial court erred by admitting evidence regarding a photo lineup because no proper predicate was laid for its admission. 

During trial, the State introduced two sets of pictures forming a lineup. The State's witness identified appellant in the
lineup. The witness said that before trial the same lineup was shown to him by a sheriff. At that time, the witness signed
and dated the lineup above appellant's picture. The witness verified his signature and date at trial. Appellant objected to
the admission of the lineup into evidence on grounds that there was no proper predicate. Appellant argued that the sheriff
that prepared the lineup was required to testify. The trial court overruled appellant's objection and admitted the lineup into
evidence. 

The predicate for introduction of a photograph requires proof of (1) its accuracy as a correct representation of the subject at
a given time, and (2) its relevance to a material issue. Huffman v. State, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988). 
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence
sufficient to support a finding that the matter in question is what its proponent claims. Tex. R. Civ. Evid. 901(a) (Vernon
2000). Testimony of a witness with knowledge that a matter is what it is claimed to be conforms with this requirement. 
Tex. R. Civ. Evid. 901(b) (Vernon 2000). 

In this case, the witness testified that the photographs presented at trial were the same photographs in the pre-trial lineup. 
The witness signed and dated the photograph of appellant in the pre-trial lineup. The witness who verifies a photograph
need not be the photographer, nor need he testify as to the way the photograph was made. Darden v. State, 629 S.W.2d 46,
49 (Tex. Crim. App. 1982). Thus, there was no need for the sheriff who prepared the lineup to testify to its accuracy. 
Therefore, the evidence presented at trial was an accurate representation of the photographs displayed in the pre-trial
lineup. We overrule appellant's first point of error. 

Improper Jury Argument


In his second point of error, appellant contends that the trial court's instruction to disregard the State's improper jury
argument was ineffective in curing the error. 

During the punishment hearing, the State said, "I would like you to go through these pen packs. On here, you can see
where some of the cases have the court finding that there was no economic loss suffered and the amount. You see how
many cases could have been made, but they only prosecuted on one. So, it could be well more than the seven we see here. 
These are the only ones he was prosecuted and convicted of." Appellant objected to the State's statement and the trial court
sustained the objection. The trial court instructed the jury to disregard the statement.

Even if a prosecutor's jury argument is improper, an instruction by the trial judge to the jury to disregard the improper
argument is usually sufficient to cure the error. Melton v. State, 713 S.W.2d 107 (Tex. Crim. App. 1986). Reversible error
occurs only when a statement to a jury is so inflammatory that its prejudicial effect cannot reasonably be removed by such
admonition. McKay v. State, 707 S.W.2d 23 (Tex. Crim. App. 1985). 

To preserve error for our review, appellant must pursue his objection until an adverse ruling. The proper method is to: (1)
object (2) request an instruction to disregard the statement; and (3) move for a mistrial. Brooks v. State, 642 S.W.2d 791
(Tex. Crim. App. 1982). Objection must be made and an adverse ruling obtained even when the objectionable argument is
so prejudicial that an instruction to disregard will not cure the argument. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1986). 

In this case, appellant objected to the prosecutor's argument, and the trial court sustained the objection and gave an
instruction to disregard. Appellant did not move for a mistrial. A defendant's failure to pursue to an adverse ruling after
his objection to a jury argument forfeits his right to complain about the argument on appeal. Id. Since appellant failed to
ask for any further relief, such as a mistrial, after the objection was sustained, no error was preserved. Watson v. State, 762
S.W.2d 591, 599 (Tex. Crim. App. 1988). Because he did not preserve error for our review, we overrule appellant's second
point of error.

Conclusion


We overrule appellant's two points of error. The judgment of the trial court is AFFIRMED. 

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 2nd day of August, 2001.