COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

EDITH McPHATTER,                                          )

                                                                              )              
No.  08-01-00480-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #1

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000C08687)

                                                                              )

 

 

O
P I N I O N

 

A jury convicted
Appellant Edith McPhatter of misdemeanor assault and the trial court sentenced
her to 90-days in the county jail, suspended the sentence for 1 year, and a
$500 fine.  She raises two issue on
appeal:  (1) that the evidence is legally
and factually insufficient; and (2) that the trial court erred in denying her
motion for new trial.  We affirm.








This case stems
from a classic love triangle.  Appellant
was long estranged from her husband Lynn McPhatter.  He was having an affair with Sonia Gomez,
though she had just learned that he was still married to Appellant.  On April 30, 2000, Appellant drove into the
parking lot of Lynn McPhatter=s
apartment with their son, Geovaron.  She
was returning Geovaron after a weekend visit. 
Words were spoken and a fray between the three adults broke out in the
parking lot.  Sonia and Lynn both
testified that Appellant grabbed Sonia by her hair and began kneeing and
punching her torso.  Sonia was standing
but crouched over in a defensive posture. 
She stated that she was hit five or six times.  Sometime later that night, Sonia filed a
police report at a police sub-station. 
Two days later, she was interviewed by an El Paso Police Department
detective.  Photographs were taken that
showed long scratches on her upper right arm.

At the time of
trial, Geovaron was ten-years old.  He
testified that the fighting began when Sonia called Appellant crazy and raised
her hand as if to hit Appellant, but then turned away.  Appellant tried to stop Sonia from walking
away and Aby
accident@ grabbed
Sonia=s
hair.  Sonia slapped Appellant in the
face and Appellant slapped her back.  The
fighting ended when his father grabbed his mother from behind around the neck
and threw her to the pavement.

                                                              Standards
of Review

When reviewing the
legal sufficiency of the evidence, we review the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Burden v.
State, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001).  We do not resolve any conflict of fact, weigh
any evidence, nor do we evaluate the credibility of any witnesses, as this was
the function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992).  Our duty, rather, is to determine if the
explicit and implicit findings of the jury are rational by reviewing all the
evidence is the light most favorable to the verdict.  Id. at 421-22.  In so doing, we resolve any inconsistencies
in the evidence in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).








In reviewing the
factual sufficiency of the evidence, we ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of
guilt is either so obviously weak as to undermine confidence in the jury=s determination or, although adequate
if taken alone, is greatly outweighed by contrary proof.  King v. State, 29 S.W.3d 556, 563
(Tex.Crim.App. 2000); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App.
2000).  We examine the evidence that
tends to prove an elemental fact in dispute and compare it with the evidence
that tends to disprove that fact.  Jones
v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996), cert. denied,
522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).  We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Wardrip v. State, 56 S.W.3d 588, 591 (Tex.Crim.App. 2001).  








The State charged
and was required to prove that Appellant committed assault by intentionally,
knowingly, and recklessly cause bodily injury to Sonia Gomez by punching her in
the face with her hand and by kicking her in the chest with her knee.  See Tex.Pen.Code
Ann. ' 22.01(a)(1)(Vernon
2003).  Because the State alleged all
three theories of mental culpability, the evidence is sufficient to support
Appellant=s
conviction if it establishes that she acted with any one of the three culpable
mental states charged in the indictment. 
A person acts intentionally when it is his/her conscious objective or
desire to engage in the conduct or cause the result.  Tex.Pen.Code
Ann. '
6.03(a)(Vernon 2003).  A person acts
knowingly when he/she is aware of the nature of his/her conduct or that his/her
conduct is reasonably certain to cause the result.  Tex.Pen.Code
Ann. '
6.03(b).  A person acts recklessly with
respect to circumstances surrounding his/her conduct or the result of his/her
conduct when he/she is aware of, but consciously disregards, a substantial and
unjustifiable risk that the circumstances exist or the result will occur and
the disregard constitutes a gross deviation from the standard of care an
ordinary person would exercise under all the circumstances as viewed from the
actor=s
standpoint.  Tex.Pen.Code Ann. '
6.03(c).

In her first
issue, Appellant complains that the evidence is legally and factually
insufficient to sustain the conviction. 
The entire focus of her complaint is that Lynn McPhatter and Sonia Gomez
simply cannot be believed because he was an adulterer, having an affair with
Sonia, and that she was the fomenter of the fight.  Appellant points to a number of
inconsistencies in their testimonies that she claims invariably leads to the
only possible conclusion that the Atestimony
of two persons who have shown no shame in their adulterous relationship,@ cannot be found truthful by any
rational jury.  We find this contention
to be without merit.

The evidence
viewed in the light most favorable to the verdict would allow any rational
trier of fact to determine that Appellant either intended to cause Ms. Gomez
bodily injury by punching or kicking her, knew that punching or kicking Ms.
Gomez was reasonably certain to result in bodily injury, or was aware of, but
consciously disregarded the risk that punching and kicking Ms. Gomez would
result in bodily injury and such disregard constituted a gross deviation from
the ordinary person standard of care. 
Therefore, the evidence was legally sufficient for the fact finder to
determine beyond a reasonable doubt that Appellant was guilty of assault.








Viewing all the
evidence without regard to the verdict, and after a close reading of the
record, we do not find any material conflict between the testimony of Geovaron
and that of his father Lynn McPhatter or Sonia Gomez.  It is clear that in his version, Sonia was
the person who started the fight and we do note that a self-defense charge was
given to the jury over the State=s
objection.  But even accepting the child=s version as the more accurate, his
testimony is consistent the testimony of his father and Sonia that Sonia called
Appellant Acrazy@ and then Appellant grabbed Sonia by
the hair and the clash was on.  The
weight given to contradictory testimonial evidence is the sole province of the
trier of the fact, because it turns on an evaluation of credibility and
demeanor.  Cain v. State, 958
S.W.2d 404, 408‑09 (Tex.Crim.App. 1997). 
Applying the appropriate standard of review for factual sufficiency
challenges, we find that the evidence is not so obviously weak as to undermine
confidence in the jury=s
determination nor was the jury=s
verdict overwhelmingly outweighed by contrary evidence as to be clearly wrong
and unjust.  Issue One is overruled.

In Issue Two,
Appellant contends that she was entitled to a new trial because of the  introduction of inadmissible testimony about
a plea bargain and that a prior attorney Aknew@ she was guilty.  We agree with the State that this issue has
not been preserved because Appellant failed to move for a mistrial.  See Brooks v. State, 642 S.W.2d 791,
798 (Tex.Crim.App. 1982).  Accordingly,
Issue Two is overruled.  

The trial court=s judgment is affirmed.

 

 

August
21, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)