IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00356-CR

 

Terry Wayne Mitchell,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 29541CR

 



MEMORANDUM  Opinion



 








          A jury convicted Terry Wayne Mitchell of felony driving while intoxicated
and assessed punishment at twenty years’ imprisonment based on an enhancement
for one previous felony DWI conviction.  In three points, Mitchell argues that the
trial court erred 1) in failing to instruct the jury regarding reasonable
suspicion; 2) in admitting expert testimony from the arresting officer without
proper notice because this violated (a) the trial court’s standing pretrial discovery
order, (b) his constitutional right to due process and (c) his constitutional
right to effective assistance of counsel.  We will affirm.

          Mitchell was stopped by a Waxahachie police
officer for playing his music too loud. While talking to Mitchell, the officer
noticed the smell of alcohol.  He had Mitchell perform field sobriety tests.  Mitchell
failed each field test and the horizontal gaze nystagmus (HGN) test.  At trial,
the arresting officer testified that Mitchell was unable to understand or
follow simple instructions.  He also explained the science of the field sobriety
tests and the HGN test.

In a motion to suppress, Mitchell objected to
the admission of the arresting officer’s expert testimony on the ground that the
State failed to give proper notice in violation the court’s standing pretrial
order requiring the State to provide the name, address, and area of expertise for
each expert witness.  While the State included the arresting officer on its
witness list, the officer was never designated as an expert.

Mitchell contents in his second and third points
that the State’s failure to give notice violated his right to due process found
in the Fifth and Fourteenth Amendments and his Sixth Amendment right to effective
assistance of counsel.  Because Mitchell failed to present any state or federal
constitutional claims to the trial court, those issues have not been preserved.
 Tex. R. App. P. 33.1.  Therefore,
we overrule Mitchell’s second and third points of error to the extent each relies
on constitutional grounds.

          Regarding the State’s violation of the
standing pretrial discovery order also raised in Mitchell’s second and third
points of error, we review the trial court’s decision for abuse of discretion.  Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).  A trial court does
not abuse its discretion in admitting the testimony of a witness who was not
designated by the State unless the prosecutor acted in bad faith and the
defendant could not reasonably anticipate the testimony.  Wood v. State,
18 S.W.3d 642, 650 (Tex. Crim. App. 2000).  The extreme sanction of exclusion
should only be used upon a showing of bad faith or willfulness on the part of
the prosecution.  Pena v. State, 864 S.W.2d 147, 149 (Tex. App—Waco
1993, no pet.).

          Here, the arresting police officer was
listed as a trial witness, and the State provided Mitchell a copy of the video
tape showing his performance on the sobriety tests.  Mitchell claims that, had
he known the officer was to testify as an expert, he would have designated his
own expert to offer a contradicting opinion.  Mitchell, however, cannot
complain of surprise because he could reasonably anticipate the officer
testifying as to the science behind the sobriety tests which he administered.

Further, the trial judge stated that the
discovery order was not intended to apply to police officers testifying as
experts.  There is no evidence that the prosecutor acted in bad faith.  The
trial court’s decision is supported by the evidence and cannot be said to be an
abuse of discretion.  Powell, 63 S.W.3d at 438.[1]
 Therefore, we overrule Mitchell’s second and third points of error.

          In his first point of error, Mitchell
complains of the trial court’s refusal to submit an article 38.23 instruction
to the jury.  At trial, the arresting officer testified that he originally
stopped Mitchell for violation of a city noise ordinance because his music could
be heard more than 50 feet away from the car.  However, the music could not be
heard on the video of the traffic stop until the officer exited his vehicle. 
Mitchell requested an article 38.23 instruction regarding whether the officer
had reasonable suspicion for the initial stop.  Tex. Code Crim. Pro. Ann. art. 38.23 (Vernon 2005).

Under article 38.23, no evidence obtained by an
officer in violation of any state or federal law may be admitted at trial.  Id.  An article 38.23 instruction must
be included in the jury charge only if there is a factual dispute regarding the
legal basis for the traffic stop.  Garza v. State, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).  Where a factual dispute is shown, the defendant has an absolute
right to a jury instruction on the issue.  Brooks v. State, 642 S.W.2d
791, 799 (Tex. Crim. App. 1982).  However, Mitchell is not entitled to such an instruction
merely on the contention that the jury could disbelieve the State’s evidence
concerning reasonable suspicion.  Broadnax v. State, 666 S.W.3d 283,
285-86 (Tex. App.—Houston [14th Dist.] 1984, no pet.).

          The officer testified that he used car
lengths to estimate the distance at which he heard the music, but he did not
measure the distance.  On cross-examination, the officer agreed with Mitchell that
he was much closer than 50 feet when the video picked up the sound of the music.
 This was the extent of the evidence offered, and the testimony is not
inconsistent.  Mitchell’s contention that the jury could disbelieve the
officer’s testimony does not create a fact issue.  See Broadnax, 666 S.W.3d
at 285-86.  Therefore, we overrule Mitchell’s first point of error.

          Having overruled each of Mitchell’s
three points of error, we affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed November 29, 2006

Do not publish

[CR25]









[1]
              In addition, Mitchell’s remedy upon learning of the State’s
intent to call the officer as an expert was to ask for a continuance.  Barnes
v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994).  Failure to do so
renders the error harmless.  Id.